UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

AUGUSTINA SANTIAGO,

    Plaintiff,

v.                                                          CASE NO.:

UNIVERSITY OF MIAMI,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Augustina Santiago, by and through undersigned counsel, files this Complaint and Demand for Jury Trial against Defendant University of Miami, and in support of her claims states as follows:

## JURISDICTION AND VENUE

1. This is an action for damages for violations of 42 U.S.C. § 1981 ("Section 1981").

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 42 U.S.C. § 2000e *et seq*.

3. Venue is proper in the Southern District of Florida, because all of the events giving rise to these claims occurred in Dade County, Florida.

## PARTIES

4. Plaintiff is a resident of Dade County, Florida.

5. Defendant operates a university and health care facility where Plaintiff was employed, in Miami (Dade County), Florida.

## GENERAL ALLEGATIONS

6. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

7. Plaintiff requests a jury trial for all issues so triable.

8. Plaintiff has satisfied all conditions precedent, or they have been waived.

9. Plaintiff is a member of a protected class of persons under Section 1981.

10. Plaintiff is an employee whose rights to contract for employment, and enjoy the benefits of employment, are protected under Section 1981.

11. Under Section 1981, Defendant is an employer prohibited from interfering with any employee's contractual right to enjoy the same benefits, privileges, terms, and conditions of employment that all other employees of Defendant otherwise enjoy, regardless of the employee's race and/or color.

12. At all times material hereto, Defendant acted with malice and reckless disregard for Plaintiff's protected rights under Section 1981.

## FACTS

13. Plaintiff is an African-American female of Nigerian descent.

14. Plaintiff was hired by Defendant in 2018. At the time of termination, Plaintiff held the position of Clinical Program Coordinator for the Department of Anesthesia and Assistant to Dr. Steven Gayer ("Dr. Gayer").

15. Plaintiff performed her job in a satisfactory manner.

16. Plaintiff was discriminated against by Dr. Steven Gayer, who is a Caucasian male, and who is employed by Defendant.

17. During Plaintiff's employment, Defendant had no other Nigerians working in this Department. Plaintiff was the only Nigerian employee in her office.

18. Defendant treated Plaintiff differently than other employees and would make disparaging comments about her race and national origin. For example, Dr. Gayer told other employees that scam emails claiming to be royalty from Africa "are [Plaintiff's] relatives".

19. Dr. Gayer told Plaintiff that she and a Nigerian patient are probably related because both of them are black and wear lipstick.

20. Plaintiff complained about Dr. Gayer's behavior and Defendant said it would set up a meeting.

21. Instead of addressing Plaintiff's complaints of discrimination, Defendant instead allowed Dr. Gayer to make erroneous and false complaints about Plaintiff's job performance.

22. Plaintiff was able to disprove Dr. Gayer's allegations, but Defendant still did nothing to address Plaintiff's complaints against Dr. Gayer.

23. Defendant received multiple complaints about Dr. Gayer's behavior from others, yet nothing was done to stop the discriminatory behavior.

24. In February 2020, Plaintiff was forced to resign due to Dr. Gayer's ongoing discrimination against her due to her race and national origin, and due to Defendant's refusal to take remedial action.

## **COUNT I –42 U.S.C. § 1981 VIOLATION**
**(RACE AND NATIONAL ORIGIN DISCRIMINATION)**

25. Plaintiff realleges and readopts the allegations of Paragraphs 1 through 24 of this Complaint, as though fully set forth herein.

26. Plaintiff is a member of a protected class of persons under Section 1981.

27. Plaintiff was subjected to disparate treatment by Defendant, based solely on Plaintiff's race and national origin.

28. The foregoing actions constitute unlawful discrimination, in violation of Section 1981.

29. Defendant's actions were willful and done with malice.

30. As a direct and proximate result of Defendant's willful and reckless discrimination against Plaintiff, Plaintiff has suffered and will continue to experience pain and suffering, mental anguish, emotional distress, and loss of earnings and other employment benefits and job opportunities.

31. Plaintiff was injured due to Defendant's violations of Section 1981, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

    (a) A jury trial on all issues so triable;

    (b) That process issue and that this Court take jurisdiction over the case;

(c) Judgment against Defendant, permanently enjoining Defendant from future violations of Section 1981, and remedying all lost income, raises, promotions, and other benefits of which Plaintiff was unlawfully deprived;

(d) Compensatory damages, including emotional distress, allowable at law;

(e) Punitive damages;

(f) Reinstatement of Plaintiff to a position comparable to her prior position, or in the alternative, front pay;

(g) Prejudgment interest on all monetary recovery obtained;

(h) All costs and attorney's fees incurred in prosecuting these claims; and

(i) For such further relief as this Court deems just and equitable.

## COUNT II — 42 U.S.C. § 1981 VIOLATION
### (RETALIATION)

32. Plaintiff realleges and readopts the allegations of Paragraphs 1 through 24 of this Complaint, as though fully set forth herein.

33. Plaintiff is a member of a protected class of persons under Section 1981.

34. By filing a complaint with Defendant about the discriminatory treatment she received, Plaintiff engaged in protected activity under Section 1981.

35. Defendant retaliated against Plaintiff for engaging in protected activity under Section 1981, by forcing Plaintiff to resign from her employment

36. Defendant's actions were willful and done with malice.

37. Defendant's retaliation was based solely on Plaintiff's exercise of her right to resist and oppose unlawful discrimination, which is protected under Section 1981.

38. As a direct and proximate result of Defendant's willful and reckless discrimination against Plaintiff, Plaintiff has suffered and will continue to experience pain and suffering, mental anguish, emotional distress, and loss of earnings and other employment benefits and job opportunities.

39. Plaintiff was injured due to Defendant's violations of Section 1981, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

(a) A jury trial on all issues so triable;

(b) That process issue and that this Court take jurisdiction over the case;

(c) Judgment against Defendant, permanently enjoining Defendant from future violations of Section 1981, and remedying all lost income, raises, promotions, and other benefits of which Plaintiff was unlawfully deprived;

(d) Compensatory damages, including emotional distress, allowable at law;

(e) Punitive damages;

(f) Reinstatement of Plaintiff to a position comparable to her prior position, or in the alternative, front pay;

(g) Prejudgment interest on all monetary recovery obtained;

(h) All costs and attorney's fees incurred in prosecuting these claims; and

(i) For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 18th day of October 2022.

Respectfully submitted,

*/s/ Brandon J. Hill*
**BRANDON J. HILL**
Florida Bar Number: 0037061
Direct Dial: 813-337-7992
**AFRICA F. ALTIDOR**
Florida Bar Number: 0124595
**WENZEL FENTON CABASSA, P.A.**
1110 N. Florida Avenue, Suite 300
Tampa, Florida 33602
Main Number: 813-224-0431
Facsimile: 813-229-8712
Email: bhill@wfclaw.com
Email: aaltidor@wfclaw.com
Email: aketelsen@wfclaw.com
**Attorneys for Plaintiff**
